**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.                                                      **CRIMINAL CASE NO.: 05-116 (DRD)**

**FREDDY RIVERA-MARRERO,**
Defendant

**ORDER**

Pending before the Court are defendant, Freddie Rivera-Marrero's *Motion by Defendant Freddie Rivera-Marrero for Order Directing the Untied States to Return Seized Property Under Fed.R.Crim.P. 41(g), or, Alternatively, for an Evidentiary Hearing; and Memorandum of Points and Authorities*; *Defendant Freddie Rivera-Marrero's Motion to Suppress*; and *Supplemental Motion*. (Docket Nos. 15, 20, and 23, respectively). Through said motions, Rivera moves the Court for the return of property seized subsequent to his arrest and the suppression of statements made by him at the time of said arrest. During the Pre Trial Hearing held on June 27, 2005, the Court ordered that the aforementioned pending motions be referred to a Magistrate Judge. Subsequently, on July 6, 2005, the referral was assigned to Magistrate Judge Aida Delgado Colon. Accordingly, a Suppression Hearing was held on August 2, 2005 and simultaneous legal memoranda were filed thereafter. Finally, on November 2, 2005, Magistrate Judge Aida Delgado Colon issued her Report and Recommendation ("RR"). (Docket No. 42). In a thorough report, the Magistrate recommended that defendant Freddy Rivera Marrero's motion for an order directing the United States to return seized property pursuant to Fed.R.Crim.P. 41(g) (Docket No. 15), as well as his request to suppress and his supplemental motion to said request (Docket Nos. 20, and 23) be denied. Defendant timely filed his objection to the RR on November 17, 2005. (Docket No. 45). The Government timely replied on November 25, 2005. (Docket No. 46).

The Magistrate correctly and clearly pointed out that any objections to the RR must be filed with the Clerk of Court within ten (10) days after being served with a copy thereof. *See also* Fed.R.Civ.P. 72(b) and Local Rule 72.1(b). Pursuant to Fed.R.Civ.P. 72(b), "[a]bsent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). *See also* Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified".); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary

of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See generally* United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

After conducting a *de novo* review of the record, the Court has found that the RR thoroughly and correctly addressed the issues presented by the defendant. *See* Gioiosa v. United States, 684 F.2d 176 (1st Cir. 1982) (district court was required to make a *de novo* determination of those portions of magistrate's report objected to, which recommended that a habeas corpus petition be denied); *but see* Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990-91 (1st Cir. 1988) ("At most, the party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate.").

In addition, the averments raised by defendant in the objections to the RR fail to state any new facts or new case law in support of his previous arguments. Thus, following the words of wisdom of the First Circuit Court of Appeals, "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate," the Court **ADOPTS *in toto*** the Magistrate's excellent RR. *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d 218, 220 (1st Cir. 1996). *See* In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993) ("Where, as here, a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."). Notwithstanding, the Court addresses a few salient issues.

Defendant objects to the Magistrate's RR on the following grounds: (1) *law enforcement officers' lacked articulable facts upon which to justify a warrantless entry into the residence to perform a protective sweep*; (2) *the consent to search provided by Lucia Rodriguez-Pilarte was tainted by the illegal entry into the premises*; and (3) *defendant Rivera has standing to challenge the validity of the search to the Ford Explorer*. Defendant, notwithstanding, failed to articulate any new argument outside of those already made in the previous requests to suppress. Defendant merely rehashed the arguments already raised thereto.

The Court finds that the Magistrate correctly concluded that the evidence before the Court was sufficient to find that the United States did not participate in the warrantless entry into the defendant's residence.[1] Moreover, there is also enough evidence in the record to conclude that the sweep performed by the agents was appropriate provided that the agents had previous knowledge of, not only defendant being a fugitive, but of his habit of carrying weapons and of him not being

---

[1] *See* Government's Exhibit 1 of the Suppression Hearing.

alone in the residence.[2]  Furthermore, the Court agrees with the Magistrate's consideration of the evidence that ultimately led her to conclude that all consents provided where obtained legally, and not tainted or under duress as is defendant's objection.[3]  Finally, as the record shows, Rivera lacks standing in order to challenge the validity of the search of the Ford Explorer as he does not have a reasonable expectation of privacy in relation to it provided that he is neither the owner nor was in exclusive possession of the vehicle.[4]  Consequently, there are no legal issues that would move the Court to reason that the Magistrate's RR is erroneous.  The Court, hence, agrees with the Magistrate's well reasoned recommendation sustaining that defendant's motions are meritless.

The Court need not go further for it refuses to write "at length to no other end than to hear its own words resonate" as to the instances alleged as errors by plaintiff.  They were all correctly analyzed with references to the record by the Magistrate Judge.  *See* Lawton v. State Mut. Life Assur. Co. of Am., 101 F.3d at 220.  "Where, as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate."  In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d at 38.  Therefore, the Court **ADOPTS** *in toto* the Magistrate's RR.

**IT IS SO ORDERED.**

DATE: January 9, 2005                                                         S/ Daniel R. Dominguez
                                                                                              **DANIEL R. DOMINGUEZ**
                                                                                              **U.S. DISTRICT JUDGE**

---

[2]  The Court reaches this conclusion pursuant to Agent Miguel Martinez's testimony wherein he received information, later corroborated, that defendant Rivera-Marrero continued to be involved in drug dealings and was always armed during and in the course of said drug dealings.

[3]  *See* Government's Exhibits 6(a), 7(a), and 9 together with Agent Martinez, Deputy U.S. Marshal Manny Varela, and Deputy U.S. Marshal Roberto Vizcarrondo's testimonies as juxtaposed to Luz Rodriguez-Pilarte's (Rivera-Marrero's common law wife) testimony.

[4]  Ibid, *see also* Government's Exhibit 8, as well as Rodriguez's own testimony at the hearing explaining that the ownerships of the various vehicles at issue belong to people **other** than defendant Rivera Marrero and that Rivera Marrero held no title or possessory interest in them.